UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN DIEGO DISTRICT ATTORNEY MATT GRECO, et al.,<br><br>　　　　　Defendants. | Case No.  15-cv-04853-JSC<br><br>**ORDER TO SHOW CAUSE AS TO WHY CASE SHOULD NOT BE TRANSFERRED FOR IMPROPER VENUE**<br><br>Re: Dkt. No. 2 |

　　　　Plaintiff Gloria Rodriguez ("Plaintiff"), proceeding pro se, brings this action against Defendants San Diego District Attorney Matt Greco, the San Diego District Attorneys' Office, the City of San Diego, and the County of San Diego ("Defendants").  Plaintiff's complaint alleges a violation of her constitutional rights under 42 U.S.C. § 1983.  Plaintiff is a resident of Redwood City, California, but all of the Defendants reside in San Diego California.  Because it appears that venue may not be proper in this district, Plaintiff is ordered to show cause as to why this action should not be transferred to the District Court for the Southern District of California.

　　　　The general venue statute provides that in federal question cases, venue is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Moreover, section 1404(a) allows a transfer of venue by motion of either party, or by the court *sua sponte*, so long as the parties have the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

The complaint does not show why the Northern District of California is a proper venue for this action. Although the complaint suggests that the case may be filed "in the county where the defendant's [sic] were transacting buisness [sic] that resulted in the alleged offense" and that an investigator stated that "all the transactions happened in Redwood City," this is not the standard for establishing venue. (Dkt. No. 1 at 2.) Because all the Defendants are residents of the Southern District of California, Plaintiff must show that a "substantial part of the events or omissions giving rise to the claim" occurred within the Northern District to maintain venue here. 28 U.S.C. § 1391(b)(2).

Accordingly**, Plaintiff is ORDERED TO SHOW CAUSE in writing by no later than January 15, 2016**, why this action should not be transferred for improper venue to the District Court for the Southern District of California.

As Plaintiff is proceeding pro se, the Court directs her attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, which has offices in San Francisco and San Jose, for free assistance regarding her claims.

**San Francisco**
United States Courthouse
450 Golden Gate Avenue
15th Floor, Room 2796
San Francisco, CA 94102
Appointment line: 415-782-8982

**San Jose**
United States Courthouse
280 South 1st Street
2nd Floor, Room 2070
San Jose, CA 95113
Monday to Thursday 1:00pm - 4:00pm
Phone: 408-297-1480

**IT IS SO ORDERED.**

Dated: December 22, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge