UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RODRIGUEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>MATT GRECO, et al.,<br><br>      Defendants. | Case No. 15-cv-04853-JSC<br><br>**ORDER OF TRANSFER** |

Plaintiff Gloria Rodriguez ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 against San Diego District Attorney Matt Greco, the San Diego District Attorneys' Office, and the County of San Diego (collectively "Defendants").[1] Plaintiff is a resident of Redwood City, California, but all of the Defendants reside in San Diego, California. Because it appeared that venue may not be proper in this District, the Court issued an Order to Show Cause as to why the case should not be transferred for improper venue ("OSC"). (Dkt. No. 8.) In response, Plaintiff contends that it will be a health and financial hardship for her to travel to San Diego. (Dkt. No. 10.) Because Plaintiff's response fails to demonstrate that venue is proper pursuant to 28 U.S.C. 1391(b), in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the District Court for the Southern District of California pursuant to the federal venue statutes.

---

[1] Plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 7.)

**BACKGROUND**

Plaintiff's two-page Complaint names San Diego District Attorney Matt Greco ("Defendant Greco"), the San Diego District Attorneys' Office ("Defendant District Attorneys' Office"), and the County of San Diego ("Defendant County") as Defendants and appears to allege various constitutional claims arising out of criminal charges brought against her in San Diego County. (Dkt. No. 1 at 2.[2]) According to the Complaint, Plaintiff and her son were charged with willfully and unlawfully making false statements to obtain unemployment benefits in violation of Unemployment Insurance Code ("UIC") Section 2101 and for conspiracy to commit the same offense.[3] (*Id.*) Plaintiff appears to contend that the criminal action should have been brought in San Mateo County rather than San Diego County as she alleges that the UIC provides that "where as the place of trial for offenses enumerated in this chapter (2100's of the unemployment insurance code) shall be in the county of residence or principle place of business or in any county where the defendant's [sic] were transacting buisness [sic] that resulted in the alleged offense." (*Id.*) In support of this argument, Plaintiff alleges that a preliminary hearing transcript in the criminal action contains Employment Development Department investigator Vanessa Magana's statement that "all the transactions happened in Redwood City, County of San Mateo Calif. 94063 not San Diego Calif."[4] (*Id.*) Although the Complaint does not specifically allege that Defendants deprived Plaintiff of any constitutional rights, it asserts generally that "the Plaintiff is entitled to equal protection under the Law under the 14th Amendment," that "[t]he defendants [sic] suit is based on the due process clause of the Law, and Equal protection under the 14th Amendment," that "[t]he defendant is entitled to a trial in front of her constituents and peers," and that "the Plaintiff seeks equal protection under the Law and fair trial under the 5th and 14th amendment." (*Id*. at 2-3.)

Because the Court was concerned that venue was improper given that all the Defendants reside in San Diego, California, the Court issued an order to show cause as to why the action

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] The status of the San Diego prosecution is unclear. A search of the San Diego Superior Court's website revealed the criminal case was filed February 19, 2015, but no other status information is available.
[4] The Complaint states this transcript is attached, but there is no record of it on ECF.

should not be transferred to the District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b).  (Dkt. No. 8.)  In response, Plaintiff states that she suffers from numerous health problems and is in financial despair.  (Dkt. No. 10.)  Plaintiff's response details her health issues including that she recently had heart surgery, needs surgery on both knees and both hands, uses a sleep apnea machine, struggles to stay awake for eight continuous hours, and has "been disabled for twenty plus years."[5]  (*Id.* at 2.)  She also states that she lives on a fixed income, collects social security, and no one is available to travel with her to San Diego.  Plaintiff argues that because Defendants are in comparatively good health and financial standing "changing the venue from San Diego to Northern California" imposes little or no medical or financial burden on Defendants whereas she is constantly at risk of dying, a risk that is exponential compared to others and which multiplies by adding any type of travel to the equation.  (*Id.*)  Also attached to the OSC response is a motion for a change of venue that Plaintiff appears to have filed in San Diego Superior Court in the San Diego prosecution.  (Dkt. No. 10 at 24-99.) Plaintiff appears to conflate the Court's OSC with a request that this Court transfer her *criminal* case to a court in Northern California.

## DISCUSSION

The general venue statute provides that in federal question cases, venue is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Moreover, section 1404(a) allows a transfer of venue by motion of either party, or by the court sua sponte, so long as the parties have the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff's response to the Court's order to show cause fails to demonstrate that venue is proper in this district given that all of the Defendants reside in San Diego, California.  While the Court is sympathetic to Plaintiff's health issues and her financial difficulties, neither provides a

---

[5] Plaintiff has submitted medical records which appear to support these allegations.  (Dkt. No. 10.)

basis for venue in this district.  Plaintiff appears to misapprehend the nature of this action as a large portion of her arguments appear to be focused on transfer of her San Diego criminal prosecution to Northern California.  Nor does a review of the record suggest that any of the bases for venue under Section 1391(b) apply:  none of the Defendants reside here, none of the events giving rise to Plaintiff's Section 1983 claim, i.e., her criminal prosecution in San Diego, occurred in the Northern District of California, and finally, there is a district—the Southern District—wherein Plaintiff could have brought her claims.

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case is TRANSFERRED to the United States District Court for the Southern District of California.

The Clerk of the Court shall transfer this matter forthwith.

**IT IS SO ORDERED.**

Dated:  March 2, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MATT GRECO, et al.,<br><br>    Defendants. | Case No. 15-cv-04853-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 2, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gloria Rodriguez
2408 Spring Street
Redwood City, CA 94063

Dated: March 2, 2016

        Susan Y. Soong
        Clerk, United States District Court

By:  _____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

5